IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mr. Junaid Ayub, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | |
| Rackspace, Inc., Television Media Network (Pvt.) Limited, and JOHN DOES | | CIVIL ACTION NO. 5:15-cv-00238-OLG |
| Defendants. | | |

**PUTATIVE DEFENDANT RACKSPACE US, INC.'S[1]
MOTION TO DISMISS AYUB'S CAUSES OF ACTION FOR
TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION AND
PASSING OFF; DILUTION OF MARKS; AND PUNITIVE DAMAGES**

Putative Defendant Rackspace US, Inc. files this Motion to Dismiss Mr. Junaid Ayub's (Ayub) causes of action against it for (1) trademark infringement; (2) Federal unfair competition and passing off; (3) dilution of marks and (4) punitive damages for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion to Dismiss, Rackspace US, Inc. respectfully shows the Court the following.

**SUMMARY OF THE ARGUMENT AND BACKGROUND**

1. Rackspace US, Inc. should not be a party to this Lawsuit because (1) Rackspace US, Inc., does not host the websites at issue: www.express.pk, www.express.com.pk and live.express.pk (the Sites), and (2) Ayub has failed to plead facts sufficient to show that Rackspace US, Inc. undertook any actionable conduct

---

[1] Plaintiff has filed this lawsuit against "Rackspace, Inc." No such company exist and the same is a misnomer of Rackspace US, Inc., located at 1 Fanatical Place, City of Windcrest, San Antonio, TX 78218.

2. Plaintiff Ayub allegedly applied for a trademark with the United States Patent and Trademark Office for a word written in Urdu script, the English transliteration of which is "express" (the Mark). *Complaint*, ¶ 12 [Dkt. 1]. Ayub then filed this Lawsuit complaining of trademark infringement, unfair competition and passing off, trademark dilution, and punitive damages, alleging Defendants Television Media Network (Pvt.) Limited and John Does (collectively TMN) use the Mark on websites they operate in Pakistan. These sites are intended solely for an Urdu reading audience.

3. Rackspace US, Inc. has no direct relationship with TMN or the Sites. Upon information and belief, a separate business entity—Rackspace, Ltd., doing business in the United Kingdom as a United Kingdom Limited Company—has an agreement with a TMN affiliate to provide storage services in conjunction with www.express.pk. Upon information and belief, Rackspace, Ltd. does not control the content of that website. Any services Rackspace, Ltd. provides to TMN are through a data center located in London, United Kingdom. After a reasonable search, Rackspace US, Inc. did not find any direct relationship between itself and the Sites.

4. Not only is Rackspace US, Inc. an improper defendant, in addition Ayub has failed to properly identify himself or establish that he resides in the United States: Ayub states in his Original Complaint that he is "residing at 287 Cheesequake Road, Bldg. 1B, Suite 13185, New Jersey 08859" however that is the location of Parcel Zoom, a package forwarding service that specializes in providing a United States address to international consumers.

5. Additionally, Ayub's causes of action against Rackspace US, Inc. should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because even if the Court takes the facts pled in the Original Complaint [Dkt. 1] as true, Ayub has failed to allege (1) that Rackspace infringed upon the Mark or that the Mark was infringed by any Defendant

5973509.1

within the United States; (2) that Rackspace US, Inc. committed unfair competition or "passed off" the Mark within the United States or with Ayub's customers; (3) that Rackspace US, Inc. diluted the Mark within the United States; or (4) that any of Rackspace US, Inc.'s actions were intentional or knowing.

## ARGUMENT AND AUTHORITIES

### A. The Legal Standard of Rule 12(b)(6).

6. A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To meet the pleading standards of the Rules, a party "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In addition, a court should exercise its power to dismiss a claim if the pleading lacks an allegation regarding an essential element required to obtain relief. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

7. In considering a motion under Rule 12(b)(6), "the Court may not 'go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the [party opposing the motion.]'" *Fernandez v. San Antonio Housing Authority*, No. SA-05-CA-106-XR, 2005 U.S. Dist. LEXIS 32043, at *4 (W.D. Tex. Oct. 11, 2005) (quoting *Scanlon v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). However, the Court need not accept as true conclusory allegations or legal characterizations, nor must the Court accept unreasonable inferences or unwarranted deductions of fact. *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

8. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has held that Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. With this framework in mind, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

**B. Ayub Has Failed to Allege Facts Showing That Rackspace US, Inc. Infringed His Trademark.**

9. To prevail on a claim of trademark infringement under the Lanham Act at 15 U.S.C. § 1114, a plaintiff must prove: (1) that he has a protectable ownership interest in a mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion. *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006). With regard to use of marks in foreign countries, infringement of a mark registered in the United States can only occur if the foreign activity has a substantial effect on United States interstate commerce. *See* 15 U.S.C. §§ 1114, 1125, 1127; *United States v. Lopez*, 514 U.S. 549, 559 (1995). Lack of a substantial effect on United States interstate commerce from foreign use of a mark should result in dismissal of an infringement action. *Atlantic Richfield Co. v. Arco Globus Int'l Co.* 150 F.3d 189, 190–191 (2d Cir. N.Y. 1998); *Love v. Ass. Newspapers, Ltd.* 611 F.3d 601, 612–613 (9th Cir. 2010). To determine whether a defendant's activities have a substantial effect on United States interstate commerce to justify applying the Lanham Act extraterritorially, the Court evaluates (1) the effect of the defendant's conduct on United States interstate

commerce; (2) the citizenship, residency, location of business operations and location of corporate registration of the defendant; and (3) the likelihood of conflict between U.S. and foreign law implicated by the defendant's activities. *See, e.g. Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 642–43 (2nd Cir. 1956); *American Rice, Inc. v. Arkansas Rice Growers Coop Ass'n*, 701 F.2d 408, 414 n.8 (5th Cir. 1983).

10. In the present case, Ayub has failed to allege facts that would show Rackspace US, Inc. used the Mark in any way. *See generally Complaint* [Dkt. 1]. Rackspace US, Inc. does not host the Sites and has no contractual relationship with the other defendants to this Lawsuit. Ayub's bald assertions and conclusory statements against Rackspace US, Inc., without more, fail to meet the pleading standard of Rule 8(a)(2), and Ayub's cause of action against Rackspace US, Inc. for trademark infringement should be dismissed in its entirety. FED. R. CIV. P. 12(b)(6).

11. In addition, Ayub has failed to allege facts necessary to show that any infringement occurred. Ayub's allegations concern conduct in Pakistan and the United Kingdom undertaken by a Pakistani entity and a United Kingdom entity. Ayub has utterly failed to allege facts necessary to establish that the Pakistani entity's—TMN—use of the word "express" on a website hosted by a United Kingdom entity, maintained in Pakistan, and directed to a Pakistani audience has any effect whatsoever on United States interstate commerce. Rather, Ayub has affirmatively pled facts indicating that the action complained of—TMN's use of the word "express" on its website—occurred in Pakistan. *See Complaint* [Dkt. 1]. Indeed, it is clear from Ayub's Original Complaint that Defendant TMN used the Mark exclusively to target consumers located in Pakistan and not in the United States of America. *See* Dkt. 1-1. Ayub cannot meet his burden to establish infringement of the Lanham Act, and accordingly his cause of action for trademark infringement should be dismissed in its entirety. FED. R. CIV. P. 12(b)(6).

5973509.1

**C.     Ayub Has Failed to State A Claim For Federal Unfair Competition And Passing Off On Which Relief May Be Granted.**

12.     In his second cause of action for "Unfair Competition and Passing Off," Ayub alleges that "consumers are deceptively led to believe that the domain originates with or is sponsored or otherwise approved by [Ayub], in violation of [S]ection 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the mark of [Ayub] is generic, thus destroying the goodwill and value [Ayub] has built with the mark." *Complaint*, ¶ 33 [Dkt. 1]. The elements of a claim for unfair competition by false representation or "passing off" under the Lanham Act are "(1) [a] false or misleading statement of fact about a product; (2) [s]uch statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) [t]he deception is material, in that it is likely to influence the consumer's purchasing decision; (4) [t]he product is in interstate commerce; and (5) [t]he plaintiff has been or is likely to be injured as a result of the statement at issue." *Pizza Hut v. Papa John's Int'l*, 227 F.3d 489, 495 (5th Cir. 2000).

13.     Ayub failed to allege that Rackspace US, Inc. made a false or misleading material statement about Ayub's products, which deceived or had the capacity to deceive a substantial segment of Ayub's potential consumers, regarding a product in interstate commerce in the United States. *Complaint* [Dkt. 1]. Ayub's bald assertion merely that Defendant TMN—who has no relationship with Rackspace US, Inc.—used the word "express" on its website which is targeted to a Pakistani audience fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

14.     As discussed in more detail above, Ayub has failed to show that the Lanham Act should be applied extraterritorially to actions occurring wholly in Pakistan and the United Kingdom, and accordingly has failed to plead the facts necessary to establish any violation of the

5973509.1

Lanham Act whatsoever. *Complaint* [Dkt. 1]. Ayub's second cause of action against Rackspace US, Inc. for Federal unfair competition and passing off should be dismissed in its entirety. FED. R. CIV. P. 12(b)(6).

**D.     Ayub Has Failed to Allege Facts Necessary To Show That Rackspace US, Inc. Diluted His Mark.**

15.     Trademark dilution has three elements: (1) a famous and distinctive mark; (2) the infringer adopted the mark after it became famous and distinctive; and (3) the infringer caused dilution of the mark. 15 U.S.C. § 1125(c)(1). To establish the third element of dilution, the plaintiff must show that the infringer's use of the mark resulted in tarnishment or blurring. *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 670 n. 12 (5th Cir. 2000). Tarnishment requires linking the mark to shoddy products, portraying the mark in an unwholesome or unsavory way, or associating the mark's reputation with a product that clashes with the plaintiff's use of the mark. *Deere & Co. v. MTD Products, Inc.*, 41 F.3d 39, 43 (2nd. Cir. 1994). To establish blurring, a plaintiff must show that an infringer's use of the mark caused the public to associate the mark with the infringer rather than with the plaintiff. 15 U.S.C. § 1125(c)(2)(B); *see also* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 24.13[1][b](3ed ed. 1992).

16.     Ayub has failed to allege that Rackspace US, Inc. adopted or used the Mark in any way. *Complaint* [Dkt. 1]. Ayub has failed to plead the facts necessary to show that Rackspace US, Inc. caused dilution of the Mark by tarnishment or blurring: specifically Ayub made no allegations that Rackspace US, Inc. caused consumers in the United States to associate the Mark with shoddy products or unwholesome ideas, or to associate the Mark with TMN rather than with Ayub. *Complaint* [Dkt. 1].

17.   For the reasons shown above, Ayub has failed to show that the Lanham Act should be applied extraterritorially in this case, and accordingly has failed to plead the facts necessary to establish any violation of 15 U.S.C. § 1125(c)(1). *Complaint* [Dkt. 1]. Ayub's third cause of action against Rackspace US, Inc. for dilution of marks should be dismissed in its entirety. FED. R. CIV. P. 12(b)(6).

### E.   Ayub Has Failed to State A Claim for Punitive Damages On Which Relief May Be Granted.

18.   Ayub alleges a claim for punitive damages as his fourth cause of action, complaining that all Defendants' actions were intentional. *Complaint*, ¶¶ 41-47 [Dkt. 1]. Punitive damages by itself is not a cause of action on which relief may be granted. *See* 15 U.S.C. § 1117. Accordingly, because Ayub's first, second and third causes of action against Rackspace US, Inc. should all be dismissed in their entirety, his fourth cause of action for punitive damages should also be dismissed.

19.   In addition, Ayub's fourth cause of action for punitive damages against Rackspace US, Inc. should be dismissed in its entirety because Ayub has pled facts that affirmatively establish, at least as to Defendant Rackspace US, Inc., that any alleged infringement was neither willful nor intentional. *See Complaint*, ¶¶ 15–19 [Dkt. 1]. Ayub affirmatively pled that he sent Rackspace US, Inc. notification about the alleged infringement on March 24, 2015, a mere three days before he filed this lawsuit. *Complaint*, ¶ 15 [Dkt. 1]. It is thus clear that Defendant Rackspace US, Inc. did not have time to investigate then respond to Ayub about his allegations before Ayub filed this lawsuit against Rackspace US, Inc. Furthermore, Rackspace US, Inc. does not host the Sites and therefore could not have undertaken knowing or intentional actions against Ayub's trademark. Ayub has utterly failed to plead the

necessary facts to make this an exceptional case under 15 U.S.C. § 1117, and his fourth cause of action for punitive damages against Rackspace US, Inc. should be dismissed in its entirety.

## CONCLUSION

20.     Ayub has filed this lawsuit against the wrong party: Rackspace US, Inc. does not host the Sites or have direct any relationship with the TMN Defendants.  In addition, Ayub's causes of action against Rackspace US, Inc. should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because Ayub has not and cannot plead a cause of action against Rackspace US, Inc. for (1) trademark infringement; (2) unfair competition or passing off; (3) dilution of a mark; or (4) punitive damages with sufficient particularity to satisfy the standards of the Federal Rules of Civil Procedure.  Indeed, Ayub has failed to even allege facts necessary to establish that Lanham Act can be applied to actions taken by foreign entities and occurring wholly in Pakistan and in the United Kingdom.  Ayub has made only the kind of unsupported conclusory allegations that Federal Rules of Civil Procedure 12(b)(6) and 8(a) were designed to prevent.

WHEREFORE, PREMISES CONSIDERED, Putative Defendant Rackspace US, Inc. respectfully requests that this Court dismiss Ayub's Causes of Action against Rackspace US, Inc. for (1) Trademark Infringement; (2) Unfair Competition and Passing Off; (3) Dilution of Mark; and (4) Punitive Damages in their entirety pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.  Rackspace US, Inc. requests such other and further relief, both at law and in equity, to which it may be justly entitled.

5973509.1

Respectfully submitted,

COX SMITH MATTHEWS INCORPORATED
112 East Pecan, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Facsimile)

By: */s/ Jane E. Bockus*
    Jane E. Bockus
    State Bar No. 02541700
    jbockus@coxsmith.com
    Amy Davis
    State Bar No. 24074114
    adavis@coxsmith.com

**ATTORNEYS FOR PUTATIVE DEFENDANT, RACKSPACE US, INC. INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following pro se parties via the methods indicated below on this the 29th day of April 2015:

Mr. Junaid Ayub
287 Cheesequake Road
Building 1B, Suite 13185
Parlin, NJ 08859

                                              */s/ Jane E. Bockus*
                                              Jane E. Bockus

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mr. Junaid Ayub, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Rackspace, Inc., Television Media | § | CIVIL ACTION NO. |
| Network (Pvt.) Limited, and JOHN DOES | § | 5:15-cv-00238-OLG |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER GRANTING PUTATIVE DEFENDANT RACKSPACE US, INC.'S MOTION TO DISMISS AYUB'S CAUSES OF ACTION FOR
(1) TRADEMARK INFRINGEMENT; (2) FEDERAL UNFAIR COMPETITION AND PASSING OFF; (3) DILUTION OF MARKS; AND (4) PUNITIVE DAMAGES**

On this day came on for consideration Putative Defendant Rackspace US, Inc,'s Motion to Dismiss Mr. Junaid Ayub's Causes of Action against it for (1) Trademark Infringement; (2) Federal Unfair Competition and Passing Off; (3) Dilution of Marks; and (4) Punitive Damages (the Motion to Dismiss).

After reviewing the Motion to Dismiss, and the arguments and authorities contained therein, and any responses and replies thereto, the Court is of the opinion that the Motion to Dismiss should be, and is in all things, GRANTED.

It is therefore ORDERED that Putative Defendant Rackspace US, Inc.'s Motion to Dismiss Mr. Junaid Ayub's Causes of Action against it for (1) Trademark Infringement; (2) Federal Unfair Competition and Passing Off; (3) Dilution of Marks; and (4) Punitive Damages is GRANTED in its entirety.

It is further ORDERED that Mr. Junaid Ayub's Causes of Action against Rackspace US, Inc. for (1) Trademark Infringement; (2) Federal Unfair Competition and Passing Off; (3) Dilution of Marks; and (4) Punitive Damages are DISMISSED with prejudice.

SIGNED and entered this _____ day of _____, 2015.

_____
PRESIDING DISTRICT JUDGE