

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUNAID AYUB,<br>    Plaintiff,<br><br>v.<br><br>RACKSPACE, INC., TELEVISION MEDIA NETWORK (PVT.) LIMITED, and JOHN DOES,<br>    Defendants. | §§§§§§§§§ | Cause No. 5:15-CA-00238-OLG |

**ORDER GRANTING DEFENDANT RACKSPACE'S MOTION TO DISMISS AND SHOW CAUSE ORDER**

On this date the Court considered Defendant Rackspace's Motion to Dismiss Plaintiff's Causes of Action Pursuant to Federal Rule of Civil Procedure 12(B)(6) (docket no. 7). Plaintiff did not file a response.

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). To withstand a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570–72 (2007)). A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. A court will dismiss a complaint pursuant to Rule 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001).

After reviewing Defendant Rackspace's motion, the Court finds Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant Rackspace. Specifically, Plaintiff's complaint fails to allege facts that would show Rackspace infringed upon, used or adopted "the Mark" in any way. Plaintiff's complaint also fails to allege Defendant Rackspace made a false or misleading material statement about Plaintiff's products, or specific facts to show Defendant Rackspace caused any dilution of "the Mark." Finally, Plaintiff has failed to allege facts to show Rackspace's alleged infringement was either willful or intentional. Accordingly, the Court hereby DISMISSES WITH PREJUDICE all of Plaintiff's causes of action for trademark infringement, unfair competition, dilution of marks, and punitive damages against Defendant Rackspace, Inc.

Furthermore, upon reviewing the status of this case, the Court notes that since Plaintiff's filing of the complaint on March 27, 2015, Plaintiff has failed to perfect service on Defendant Television Media Network Limited and Defendants John Does, or in the alternative, show proof that such service was completed. The Court finds that Plaintiff's inaction constitutes a failure to prosecute this case pursuant to FED. R. CIV. P. 55. Accordingly, it is hereby ORDERED that Plaintiff show cause **on or before June 29, 2015** why the claims against Defendants Television Media Network and John Does should not be dismissed for Plaintiff's failure to prosecute. *See* FED. R. CIV. P. 41(b).

It is so ORDERED.

SIGNED this _22_ day of June, 2015.

_____
United States District Judge Orlando L. Garcia